**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| **Perry Phillip McElveen, as assignee of** | ) | Case No: 4:19-cv-02265-JD |
| **Johnny Joe Jones,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **The Cincinnati Insurance Company,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter comes before the Court on cross-motions for summary judgment by both Plaintiff and Defendant. For the reasons set forth below, the Court finds that the motion filed by Defendant Cincinnati Insurance Company, Inc. ("Cincinnati") should be granted and that the Motion for Summary Judgment filed by Perry Phillip McElveen as assignee of Johnny Joe Jones ("McElveen") should be denied.

## FACTS BEARING ON THE MOTION

Mr. McElveen brought this action against Cincinnati alleging claims for breach of contract and bad faith. Mr. McElveen alleges that Mr. Jones—who was an operator of a company called "Dynamite Detailing"—is covered under an insurance policy Cincinnati issued to another unrelated company, American Acceptance Corporation of SC. Defendant Cincinnati has alleged counterclaims for declaratory judgment.

This action arises out of an underlying action in State Court against Mr. Johnny Joe Jones and others related to an auto accident. In that action, Cincinnati's named insured, American Acceptance, was voluntarily dismissed from the case. Thereafter, Mr. McElveen obtained a default Order and Judgment ("Order") against Dynamite Detailing's operator, Mr. Jones. Per the Order,

1

Mr. Jones and his father operated an automotive detail shop in Myrtle Beach known as "Dynamite Detailing." Dynamite Detailing, in turn, provided work and detailing services on vehicles Cincinnati's insured, American Acceptance Corporation of SC ("American Acceptance"), repossessed. At some point, Mr. Jones obtained a repossessed 2007 Hyundai Azera ("Hyundai") "to be worked on and detailed prior to the vehicle going to auction." Thereafter, on March 16, 2016, Mr. Jones was moving the Hyundai from the front of Dynamite Detailing's shop to the rear when he disregarded a stop sign and crossed an intersection, colliding with the vehicle Mr. McElveen was driving. The Order found that at the time of the accident, Mr. Jones was operating the vehicle incidental to performing work on the vehicle.

The Order against Mr. Jones awards Mr. McElveen $559,394.64 in actual damages and $250,000.00 in punitive damages. Mr. McElveen now alleges claims for breach of contract and bad faith against Cincinnati on the grounds that Mr. McElveen is the assignee of any claims Johnny Joe Jones' had against Cincinnati.

Cincinnati filed an Answer and Counterclaim that was later amended. (DE 11, 32.) The Amended Answer and Counterclaim seeks declaratory judgments from this Court that (1) the Hyundai was not a covered auto; (2) Mr. McElveen was not an insured; (3) the Policy's Other Business or Personal Purposes Exclusion applies to bar coverage; (4) the Expected and Intended Injury Exclusion applies to bar coverage; (5) that Mr. McElveen's Failure to Cooperate bars coverage; and (6) that Cincinnati had Reasonable Grounds for Denial of coverage to Mr. McElveen. (DE 32.)

Cincinnati's Motion for Summary Judgment seeks relief from the Court on the grounds that Mr. Johnny Joe Jones is not an insured under Cincinnati's Policy and that the vehicle was not

covered under the Policy. Mr. McElveen's Motion for Summary Judgment seeks relief from the Court on grounds that he was a permissive user and, as a result, he was covered under the Policy.

## LEGAL STANDARD

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id.

## ANALYSIS

"The elements of a cause of action for bad faith refusal to pay first party benefits under a contract of insurance are: (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured." Crossley v. State Farm Mut. Auto. Ins. Co., 307 S.C. 354, 359 (S.C. 1992). "The elements for a breach of contract are the existence of the contract, its breach, and the damages caused by such breach." S. Glass & Plastics Co. v. Kemper, 399 S.C. 483, 491 (Ct.App.2012).

For the reasons set forth below, the Court finds that there is no material question of fact that the Hyundai was not a covered auto under the Policy. As a result, the Court finds that Mr.

McElveen is unable to prove the elements necessary to establish the causes of action in his Complaint and that Summary Judgment is appropriate in Cincinnati's favor.

## I.     The Hyundai Was Not a Covered Auto.

The Court finds that the Hyundai Mr. Jones was driving at the time of the accident was not a covered auto under the Auto Policy. The Auto Policy covers bodily injury or property damage "caused by an accident and resulting from the ownership, maintenance, or use *of a covered auto*." (DE4-1)(emphasis added.) The Auto Policy does not provide coverage for all autos and specifically identifies which autos are "covered autos" under the Repossessed Autos endorsement:

> **A.** Any "auto" you repossess is a covered "auto" but **only** while:
>    1. Being repossessed by you;
>    2. Held by you at locations listed in the Schedule for sale after repossession; or
>    3. Pending delivery after sale.

(Auto Policy, DE 4-2)(emphasis added.) An individual is not an insured under the Auto Policy unless he or she is using a "covered auto." Id. at 6 (defining "Who is an insured" under the Policy). As set forth below, the Hyundai was not a covered auto under the Auto Policy, and thus Mr. Jones was not an insured under the Policy. Thus, no contract existed between Cincinnati and Mr. Jones requiring Cincinnati to provide coverage, and as a result, summary judgment is appropriate in Cincinnati's favor as to both the breach of contract and bad faith action.

> **a. The Hyundai is not a covered auto under A.1. because the accident, per the Complaint and the state court order, occurred after the vehicle had been repossessed.**

As set forth above, under Section **A.1.** of the Repossessed Autos Endorsement, an auto is a "covered" auto "only" if it is "[b]eing repossessed by you." Regarding the term "repossessed" as used in the Policy, the term should be given its ordinary meaning. Under South Carolina law, "[t]he rule of strict construction against the insurer does not apply where the language used in the policy

is so plain and unambiguous as to leave no room for construction." <u>S. S. Newell & Co. v. Am. Mut. Liab. Ins. Co.</u>, 199 S.C. 325, 19 S.E.2d 463, 466 (S.C. 1942). "Nor does the rule of strict construction authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists." <u>Id.</u> Rather, "[t]he judicial function of a court of law is to enforce an insurance contract as made by the parties, and not to re–write or to distort, under the guise of judicial construction, contracts, the terms of which are plain and unambiguous." <u>Id.</u> Likewise, "[i]t is not the province of the courts to construe contracts broader than the parties have elected to make them, or to award benefits where none was intended." <u>Id.</u> "[I]f the intention of the parties is clear, courts have no authority to torture the meaning of policy language to extend or defeat coverage that was never intended by the parties. <u>Stewart v. State Farm Mut. Auto. Ins. Co.</u>, 341 S.C. 143, 151 (Ct.App.2000).

The Plaintiff's Complaint asserts, and the state court order found, that the Hyundai had already been repossessed. (<u>See</u>, <u>e.g.</u>, Compl. ¶¶ 7, 8, DE 1-1; Order and Judgment ¶¶ 10-11, DE 4-1.) The Court cannot exercise inventive powers to create an ambiguity where none exists, and in the absence of any evidence to the contrary, the Court finds that there is not a material question of fact as to this issue. Thus, the Hyundai was not a covered auto under section **A.1.** because it was not being repossessed at the time of the underlying accident.

**b. The Hyundai was not a covered auto under A.2. because at the time of the accident, it was not being held by American Acceptance at a scheduled location.**

Section **A.2.** of the Repossessed Auto endorsement states that an auto is covered while "[h]eld by you at locations listed in the Schedule for sale after repossession." In the present case, Cincinnati's Auto Policy explicitly states that vehicles are covered autos under section **A.2.**, "only" while held "at locations listed in the Schedule…."

Section **A.2.** of Cincinnati's policy requires that covered autos be held "at" locations scheduled in the Auto Policy. It is uncontested that the accident in this case occurred miles away from the location scheduled in the Cincinnati Policy. It is also uncontested that at the time of the accident, it was in the possession of a separate entity. Again, the Court cannot exercise inventive powers to create an ambiguity where none exists. There is no material question of fact at the time of the accident that the Hyundai was not being held by American Acceptance at a scheduled location. Because section **A.2** provides that a vehicle is a covered auto under only while it is held by "you" and while "at" a scheduled location, because the Hyundai was in an accident while miles from the scheduled location, and because the accident occurred while the Hyundai was not in American Acceptance's possession, it is not a covered auto under **A.2.**

> **c. The Hyundai was not a covered auto under A.3. because at the time of the accident, it was not pending delivery after sale.**

Finally, under Subsection **A.3.**, an auto is a "covered" auto "only" if it is "pending delivery after sale." (Auto Policy 31, DE 4-2.) This does not appear to be a disputed issue. The Complaint states that the Hyundai was "being held for sale" and that it had been provided to Johnny Joe Jones "to be washed and detailed… to get it ready for sale at the auction." (Compl. ¶ 8, DE 1-1.) Also, the State Court Order states that at the time of the accident, the vehicle had been provided to Mr. Jones for work and detailing "*prior"* to going to auction ( DE 4-1). As this Court previously noted in its Order denying Cincinnati's Motion to Dismiss, at the time of the accident, Mr. Jones was driving the vehicle "prior to auction." (Order 13, DE 10.)

The Policy states that Repossessed autos qualify as covered autos under Section **A.3.** "only" "while… [p]ending delivery after sale." (Auto Policy 31, DE 4-2.) Because the Hyundai had not yet been sold, it cannot have been pending delivery "after sale." As a result, the Hyundai was not a covered auto under Section **A.3.** of the Repossessed Autos Endorsement.

6

**d. The Policy's "covered auto" provisions are valid under South Carolina Law.**

Under South Carolina law, an insurer is not required "to provide liability coverage for automobiles other than the one described in the policy." Giles v. Whitaker, 297 S.C. 267, 269 (S.C. 1989). See also Willis v. Fid. & Cas. Co. of New York, 253 S.C. 91, 97 (S.C. 1969) ("The prescribed coverage [to a statutory insured] is required only as to liability arising from the ownership, maintenance or use of 'such *(insured)* vehicles'" and stating that "such" vehicles means "*those vehicles described in liability policies issued in this State*" (emphasis added)); Hunter v. Nationwide Mut. Ins. Co., 317 S.C. 402, 404 (Ct.App.1994) (citing Willis and holding that policy did not provide coverage for an automobile owned by policy holder but not listed in the declarations).

In this case, the Hyundai is not a described auto under the Auto Policy as set forth in Giles. Under South Carolina law, Cincinnati is not required "to provide liability coverage for automobiles other than the one described in the Policy." Giles, 297 S.C. at 269. As a result, the Hyundai is not a covered auto.

The Court also finds that this is not a case of illusory coverage. C.f. Isle of Palms Pest Control Co. v. Monticello Ins. Co., 319 S.C. 12 (Ct.App.1994); Western World Ins. Co. v. Empire Fire & Marine Ins. Co., No. C.A.7:06 217 RBH, 2006 WL 3337427, at *2 (D.S.C. Nov. 16, 2006). Here, the provisions and exclusions relied on by Cincinnati do not create a situation of illusory coverage because coverage remains intact for American Acceptance as otherwise provided under the Auto Policy. See B.L.G. Enterprises, Inc. v. First Fin. Ins. Co., 334 S.C. 529, 536 (S.C. 1999). (holding that policy was not illusory where other coverage remained intact). In other words, application of the covered auto definitions and exclusions in Cincinnati's auto policy would not render American Acceptance's Auto Policy meaningless. Cf. Isle of Palms, 319 S.C. at 19 (finding

that "[t]o give effect to the professional liability exclusion would render the policy virtually meaningless, because it would exclude **coverage for all claims** arising from Isle of Palms' exterminating services"). For example, the Auto Policy's Repossessed Autos endorsement still provides coverage while vehicles are "being repossessed by [American Acceptance]," while they are later "held" at scheduled locations for sale by American Acceptance, and then after sale while pending delivery, provided other coverage terms are met. Likewise, coverage would remain, subject to the Auto Policy's terms, as to American Acceptance's financing business generally. Thus, the provisions and exclusions are not rendered ambiguous under the doctrine of illusory coverage.

## II.    Remaining Grounds

Because the Court finds that the above analysis is dispositive as to the parties' cross-motions for summary judgment, the Court finds that ruling on the remaining issues is not necessary to decide this action.

### CONCLUSION

In sum, the Court finds Cincinnati's Motion for Summary Judgment should be granted and Plaintiff's Motion for Summary Judgment denied because the Hyundai was not a covered auto, and thus Mr. Jones, the assignor, was not an insured. As a result, there is no material question of fact that Plaintiff cannot establish the elements of a bad faith cause of action or of a breach of contract cause of action. Thus, as the purported assignee of Mr. Jones' claims, Plaintiff's bad faith action and breach of contract causes of action are subject to summary judgment. See Singletary, 316 S.C. at 201 (Ct.App.1994)(an "assignee ... stands in the shoes of its assignor").

For these reasons, Cincinnati's Motion for Summary Judgment is granted, Plaintiff's Motion for Summary Judgment is denied, and Plaintiff's Complaint is dismissed.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

February 8, 2021
Greenville, South Carolina